IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| Bertha Miniard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Arrow Financial Services, LLC, a ) | |
| Delaware limited liability company, and ) | |
| Northland Group, Inc., a Minnesota ) | |
| corporation, ) | 3:10-cv-0187 RLY-WGH |
| ) | |
| Defendants. ) | Jury Demanded |

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 DEC 30 PM 3:49

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## COMPLAINT

Plaintiff, Bertha Miniard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Bertha Miniard ("Miniard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt originally owed to Washington Mutual Bank, but now owed

to Arrow Financial Services, LLC, despite the fact that she was represented by the legal aid attorneys at the Indiana Legal Services, Inc., in Evansville, Indiana.

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Arrow operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

5. Defendant Arrow is a bad debt buyer, which specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Northland Group, Inc..

6. Defendant, The Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Northland collects delinquent debts from consumers in virtually every state, including consumers in the State of Indiana.

7. Both Defendants conduct business in the State of Indiana and maintain registered agents here, see, records from the Indiana Secretary of State attached as Group Exhibit A.

## FACTUAL ALLEGATIONS

8. Ms. Miniard fell behind on paying her bills, including a consumer debt she owed to Washington Mutual Bank. At some point in time after that debt became

delinquent in 2002, it was bought by Defendant Arrow, and when Arrow began trying to collect this debt from Ms. Miniard, she sought the assistance of the legal aid attorneys at the Indiana Legal Services, Inc., regarding her financial difficulties and Defendants' collection actions.

9. Specifically, Defendant Arrow hired another debt collector, Tate & Kirlin Associates ("Tate") to demand payment of the Washington Mutual/Arrow debt from Ms. Miniard. Accordingly, on March 11, 2009, one of Ms. Miniard's attorneys at Indiana Legal Services informed Defendant Arrow, through its agent, Tate, that Ms. Miniard was represented by counsel, and directed Arrow to cease contacting her, and to cease all further collection activities because Ms. Miniard was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit B.

10. Nonetheless, despite being advised that Ms. Miniard was represented by counsel and refused to pay the debt, Defendant Arrow then filed suit against Ms. Miniard, in Vanderburgh County Superior Court, No. 82 D03-1003-CC1399, to collect on the Washington Mutual/Arrow debt (the "State Court Lawsuit"). Ms. Miniard's legal aid attorney from Indiana Legal Services, Inc. filed a motion for a more definite statement in the State Court Lawsuit, noting that Arrow had failed to attach necessary documents to its complaint, and answered the complaint in the State Court Lawsuit, asserting that Arrow's claim was barred by the statute of limitations. Arrow then dismissed the State Court Lawsuit on April 27, 2010. Copies of the documents filed in the State Court Lawsuit are attached as Group Exhibit C.

11. Undeterred by the dismissal of the State Court Lawsuit, Defendants then sent a collection letter, dated September 3, 2010, which demanded payment of the Washington Mutual/Arrow debt. A copy of this collection letter is attached as Exhibit D.

12. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, in the March 11, 2009 letter to Defendant Arrow's agent, Tate & Kirlin (Exhibit B), as well as her Answer to Arrow in the State Court Lawsuit, Ms. Miniard clearly told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

17. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendants knew, or readily could have known, that Ms. Miniard was represented by counsel in connection with her debts because her attorneys at Indiana Legal Services had informed Defendants, in writing and in response to the State Court Lawsuit, that Ms. Miniard was represented by counsel, and had directed a cessation of communications with Ms. Miniard. By directly sending Ms. Miniard a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e(2)(A) Of The FDCPA --
### False, Deceptive Or Misleading Statements –
### Collecting On A Time-Barred Debt

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in the collection of any debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

5

24. There has been no activity on the Washington Mutual/Arrow account at issue for more than six years, and Arrow's claim to payment of the debt is barred by Indiana's six year statute of limitations on accounts and contracts not in writing, see, Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153, 1158-1159 (Ind. App. 2010). By continuing to collect the time-barred Washington Mutual/Arrow debt from Ms. Miniard, Defendants violated § 1692e(2)(A) of the FDCPA.

25. Defendants' violations of § 1692e(2)(A) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bertha Miniard, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Miniard, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bertha Miniard, demands trial by jury.

Bertha Miniard,

By: _[signature]_
One of Plaintiff's Attorneys

Dated: December 30, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com